**F I L E D**
CLERK, U.S. DISTRICT COURT

06/23/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ GSA _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>RAVINDER SINGH DHANDA,<br>  aka "Randy,"<br>  aka "Rolex,"<br>  aka "Jim,"<br>  aka "Daytona,"<br>  aka "John Wick,"<br>JASKARN BAGHRI,<br>  aka "Baba,"<br>  aka "Pete,"<br>GURTEJ SINGH SMAGH,<br>  aka "Simba,"<br>HARMANVEER SINGH,<br>  aka "Hari Gautam,"<br>  aka "Harman Sandhu,"<br>PRINCE PAL SINGH,<br>NARAIN SINGH GURM,<br>  aka "Naraw Singh Gurm,"<br>  aka "Narayan Singh,"<br>JAVIER URETA ANGULO,<br>JUSTIN GUZMAN,<br>BRYAN MORENO ROSALES,<br>JASPREET KHARA, and<br>AMRITPAL SINGH,<br><br>          Defendants. | CR 2:26-cr-00408-WLH<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances; 21 U.S.C. § 963: Conspiracy to Export Controlled Substances; 21 U.S.C. § 848(a), (b), (s): Continuing Criminal Enterprise; 21 U.S.C. § 841(a)(1), (b)(1)(A): Possession with Intent to Distribute Controlled Substances; 21 U.S.C. §§ 848, 853, and 970, 18 U.S.C. § 924, & 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing until on or about June 18, 2026, in Los Angeles and San Bernadino Counties, within the Central District of California, in the countries of Mexico and Canada, and elsewhere, defendants RAVINDER SINGH DHANDA, also known as ("aka") "Randy," "Rolex," "Jim," "Daytona," and "John Wick," JASKARN BAGHRI, aka "Baba" and "Pete," GURTEJ SINGH SMAGH, aka "Simba," HARMANVEER SINGH, aka "Hari Gautam" and "Harman Sandhu," PRINCE PAL SINGH, NARAIN SINGH GURM, aka "Naraw Singh Gurm" and "Narayan Singh," JAVIER URETA ANGULO, JUSTIN GUZMAN, BRYAN MORENO ROSALES, JASPREET KHARA, and AMRITPAL SINGH, and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally distribute and possess with intent to distribute the following controlled substances:

(1)  at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(ii)(II); and

(2)  at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii).

B.   MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

2

1. Defendant DHANDA would operate a cocaine and methamphetamine distribution network (the "Dhanda Drug Trafficking Organization" or "DHANDA DTO") that provided international smuggling services for bulk quantities of cocaine and methamphetamine to drug trafficking organizations located in the United States, Mexico, and elsewhere.

2. Defendant DHANDA would negotiate transportation rates and logistics with representatives from drug trafficking organizations located in the United States, Mexico, and elsewhere for transporting cocaine and methamphetamine from the United States to Canada.

3. Defendant DHANDA would, in certain instances, subcontract the storage of cocaine and methamphetamine in the United States, as well as the transportation of these controlled substances from locations in the United States, including the Central District of California, to in and around the U.S.-Canada border.

4. Defendants DHANDA and BAGHRI would oversee and manage the storage, transportation, and international smuggling of cocaine and methamphetamine across the U.S.-Canada border.

5. Defendant SMAGH would gather information related to the timing and location of border inspections and other enforcement actions from an individual working for the Canadian Border Services Agency ("CBSA") to assist with smuggling cocaine and methamphetamine across the U.S.-Canada border.

6. Defendants DHANDA and BAGHRI would coordinate the exchange of token information, typically the serial number of a dollar bill, to be used in the handing off of cocaine or methamphetamine by a courier for the drug trafficking organizations contracting with the DHANDA DTO for transportation and smuggling services.

7.    Defendants DHANDA and BAGHRI would coordinate the exchange of contact information, including telephone numbers, for couriers handing off cocaine or methamphetamine from the drug trafficking organizations contracting with the DHANDA DTO for transportation and smuggling services.

8.    Defendants ANGULO, GUZMAN, and MORENO, and others unknown to the Grand Jury, would deliver cocaine on behalf of drug trafficking organizations using the DHANDA DTO for transportation and smuggling services to transporters in and around the Central District of California.

9.    Defendants ANGULO, GUZMAN, and MORENO, and others unknown to the Grand Jury, would use the token information and contact information circulated by defendants DHANDA or BAGHRI to coordinate the handoff of cocaine and verify the identity of the receiving party.

10.    Defendant P. SINGH, and others unknown to the Grand Jury, would receive cocaine and methamphetamine from couriers for drug trafficking organizations using the DHANDA DTO for transportation and smuggling services in and around the Central District of California.

11.    Defendant P. SINGH, and others unknown to the Grand Jury, would use the token information and contact information circulated by DHANDA or BAGHRI to coordinate the receipt of cocaine and methamphetamine and to verify the identity of the delivering party.

12.    Defendants P. SINGH and GURM, and others unknown to the Grand Jury, would store cocaine and methamphetamine in and around the Central District of California until a long-haul semi-truck used to smuggle cocaine and methamphetamine to the U.S.-Canada border was ready for loading.

4

13.  Defendants DHANDA and H. SINGH, and others known and unknown to the Grand Jury, would oversee and manage the long-haul semi-trucks used to transport cocaine and methamphetamine to the U.S.-Canada border.

14.  Defendants P. SINGH and GURM, and others unknown to the Grand Jury, would deliver cocaine and methamphetamine to long-haul semi-trucks for transportation to the U.S.-Canada border.

15.  Defendants KHARA and A. SINGH, and others unknown to the Grand Jury, would conceal cocaine and methamphetamine on board long-haul semi-trucks carrying legitimate goods for purposes of transportation to the U.S.-Canada border.

16.  Defendants KHARA and A. SINGH, and others unknown to the Grand Jury, would transport cocaine and methamphetamine hidden aboard long-haul semi-trucks from the greater Los Angeles area to the U.S.-Canada border.

17.  Defendant SMAGH, and others unknown to the Grand Jury, would assist with smuggling cocaine and methamphetamine across the U.S.-Canada border, including by, among other methods, hiding cocaine and methamphetamine aboard farm trucks used on working farms at the U.S.-Canada border.

18.  Defendants DHANDA and BAGHRI, and others unknown to the Grand Jury, would coordinate the distribution, in Canada, of cocaine and methamphetamine to recipients identified by the drug trafficking organizations contracting with the DHANDA DTO for transportation and smuggling services.

19.  Through this conspiracy, defendants would transport, smuggle, and distribute hundreds of kilograms of cocaine and methamphetamine each week.

5

C.    OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants DHANDA, BAGHRI, SMAGH, H. SINGH, P. SINGH, GURM, ANGULO, GUZMAN, ROSALES, KHARA, and A. SINGH, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California and elsewhere, including, but not limited to, the following:

**70 Kilogram Cocaine Load on July 11, 2023**

Overt Act No. 1:    On July 10, 2023, defendant DHANDA directed a person who defendant DHANDA and other co-conspirators believed was a drug transportation coordinator, but who was, in fact, a confidential informant working with law enforcement ("CI-1"), to provide DHANDA with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant DHANDA could pass the information to a person who would deliver or coordinate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 2:    On July 10, 2023, defendant DHANDA passed the telephone number and serial number previously provided by CI-1 to a representative for a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services to facilitate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 3:    On July 11, 2023, defendant P. SINGH received approximately 70 kilograms of a mixture and substance containing a detectable amount of cocaine in three cardboard boxes in a parking lot in Los Angeles, California from a courier for a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services.

6

Overt Act No. 4:   On July 11, 2023, defendant DHANDA directed CI-1 to confirm the receipt of cocaine, and to coordinate a count of the cocaine prior to transportation.

**Coordination Meeting at Peace Arch Historical Park**

Overt Act No. 5:   On July 18, 2023, defendants DHANDA and BAGHRI met with CI-1 at Peace Arch Historical Park in Blaine, Washington to coordinate logistics for transporting future loads of cocaine and methamphetamine to the U.S.-Canada border, and for smuggling those drug loads across the U.S.-Canada border.

**40 Kilogram Cocaine Load on July 28, 2023**

Overt Act No. 6:   On July 27, 2023, defendant BAGHRI directed CI-1 to provide BAGHRI with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant BAGHRI could pass the information to the person who would deliver or coordinate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 7:   On July 27, 2023, defendant BAGHRI passed the telephone number and serial number previously provided by CI-1 to a representative for a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services to facilitate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 8:   On July 28, 2023, defendant P. SINGH received approximately 40 kilograms of a mixture and substance containing a detectable amount of cocaine in four pieces of luggage at a parking lot in West Covina, California from a courier for a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services.

**73 Kilogram Cocaine Load on August 10, 2023**

Overt Act No. 9:    On August 8, 2023, defendant BAGHRI directed CI-1 to provide BAGHRI with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant BAGHRI could pass the information to the person who would deliver or coordinate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 10:    Between August 8 and August 9, 2023, defendant BAGHRI passed the telephone number and serial number previously provided by CI-1 to a representative for a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services to facilitate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 11:    On August 10, 2023, defendant GUZMAN delivered approximately 73 kilograms of a mixture and substance containing a detectable amount of cocaine in four brown boxes on behalf of a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services to defendant P. SINGH in a parking lot in Ontario, California.

Overt Act No. 12:    On August 10, 2023, defendant BAGHRI directed CI-1 to confirm the amount of cocaine received, and stated "[i]t should be 73."

**50 Kilogram Cocaine Load on August 25, 2023**

Overt Act No. 13:    On August 24, 2023, defendant BAGHRI directed CI-1 to provide BAGHRI with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant BAGHRI could pass the information to the person who would

deliver or coordinate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 14:   On August 24, 2023, defendant BAGHRI passed the telephone number and serial number previously provided by CI-1 to a representative for a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services to facilitate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 15:   On August 25, 2023, defendant P. SINGH received approximately 50 kilograms of a mixture and substance containing a detectable amount of cocaine in a parking lot in Ontario, California from a courier for a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services.

**79.4 Kilogram Cocaine Load on September 18, 2023**

Overt Act No. 16:   On September 14, 2023, defendant DHANDA directed CI-1 to provide DHANDA with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant DHANDA could pass the information to the person who would deliver or coordinate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 17:   On September 14, 2023, defendant DHANDA passed the telephone number and serial number previously provided by CI-1 to a representative for a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services to facilitate the delivery of cocaine to a drug transporter in the Los Angeles area.

9

Overt Act No. 18:   On September 16, 2023, defendant ANGULO delivered approximately 79.4 kilograms of a mixture and substance containing a detectable amount of cocaine in four duffel bags on behalf of a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services to defendant P. SINGH at a parking lot in Ontario, California.

Overt Act No. 19:   On September 18, 2023, defendant P. SINGH delivered the approximately 79.4 kilograms of a mixture and substance containing a detectable amount of cocaine previously received from defendant ANGULO to defendants KHARA and A. SINGH in Rialto, California for purposes of transportation to the U.S.-Canada border.

Overt Act No. 20:   On September 18, 2023, defendant P. SINGH loaded the approximately 79.4 kilograms of cocaine onto a long-haul semi-truck while defendants KHARA and A. SINGH acted as lookouts.

//

//

//

10

Overt Act No. 21:   On September 18, 2023, defendants KHARA and A. SINGH transported, in four duffel bags in the rear of a long-haul semi-truck's trailer, approximately 79.4 kilograms of a mixture and substance containing a detectable amount of cocaine, as depicted below:



**24 Kilogram Cocaine Load on August 25, 2023**

Overt Act No. 22:   On October 16, 2023, defendant DHANDA directed CI-1 to provide DHANDA with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant DHANDA could pass the information to the person who would deliver or coordinate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 23:    On October 16, 2023, defendant DHANDA passed the telephone number and serial number previously provided by CI-1 to a representative for a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services to facilitate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 24:    On October 17, 2023, defendant P. SINGH received approximately 24 kilograms of a mixture and substance containing a detectable amount of cocaine in two cardboard boxes at a parking lot in Perris, California from a courier for a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services.

### 44.7 Kilogram Cocaine Load on October 26, 2023

Overt Act No. 25:    On October 23, 2023, defendant DHANDA directed CI-1 to provide DHANDA with the telephone number of a drug transporter and a serial number on a bill of currency so that defendant DHANDA could pass the information to the person who would deliver or coordinate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 26:    Between October 23 and October 26, 2023, defendant DHANDA passed the telephone number and serial number previously provided by CI-1 to a representative for a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services to facilitate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 27:    On October 26, 2023, defendant ROSALES attempted to deliver approximately 44.7 kilograms of a mixture and substance containing a detectable amount of cocaine in two duffel

12

bags and a box on behalf of a drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services, as depicted below:



### 49 Kilogram Cocaine Load on November 15, 2024

Overt Act No. 28:    On November 14, 2024, defendant H. SINGH, Co-Conspirator 1, and CI-1 met in Greenwood, Indiana to coordinate logistics for transporting cocaine and methamphetamine to the U.S.-Canada border, and Co-Conspirator 1 provided CI-1 the telephone number of a drug transporter who could collect the drugs.

Overt Act No. 29:    On November 14, 2024, defendant DHANDA provided CI-1 the telephone number of the person who would deliver or coordinate the delivery of cocaine to a drug transporter in the Los Angeles area.

Overt Act No. 30:    On November 15, 2024, Co-Conspirator 2 received approximately 49 kilograms of a mixture and substance containing a detectable amount of cocaine from a courier for a drug

13

trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services.

Overt Act No. 31:   On November 15, 2024, defendant GURM received approximately 49 kilograms of a mixture and substance containing a detectable amount of cocaine in multiple boxes from Co-Conspirator 2 at a parking lot in Fontana, California, as depicted below:



Overt Act No. 32:   On November 15, 2024, defendant H. SINGH agreed to obtain information related to the November 15, 2024 traffic stop of GURM and subsequent seizure of the cocaine load for purposes of proving to the drug trafficking organization contracting with the DHANDA DTO for drug transportation and smuggling services that the cocaine load had been seized by law enforcement.

### Coordination Meeting in South Surrey

Overt Act No. 33:   On January 20, 2025, defendants DHANDA, BAGHRI, and SMAGH met with CI-1 in South Surrey, British Columbia to coordinate logistics for smuggling future loads of cocaine and

14

methamphetamine out of the United States and into Canada, at which meeting defendant DHANDA stated he intended to start a new "cartel".

COUNT TWO

[21 U.S.C. § 963]

[DEFENDANTS DHANDA, BAGHRI, SMAGH, and H. SINGH]

A.    OBJECTS OF THE CONSPIRACY

Beginning on a date unknown and continuing until on or about June 18, 2026, in Los Angeles and San Bernadino Counties, within the Central District of California, in the countries of Mexico and Canada, and elsewhere, defendants RAVINDER SINGH DHANDA, also known as ("aka") "Randy," "Rolex," "Jim," "Daytona," and "John Wick," JASKARN BAGHRI, aka "Baba" and "Pete," GURTEJ SINGH SMAGH, aka "Simba," and HARMANVEER SINGH, aka "Hari Gautam" and "Harman Sandhu," and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally export from the United States the following controlled substances:

(1)  at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 960(a)(1), (b)(1)(B)(ii); and

(2)  at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 960(a)(1), (b)(1)(H).

B.    MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, through the manner and means set forth in Section B, Paragraphs 1 though 19, of Count One of this Indictment, which are realleged and incorporated here.

16

C.    OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants DHANDA, BAGHRI, SMAGH, and H. SINGH, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California and elsewhere, including, but not limited to, Overt Acts 1 through 33, as set forth in Count One of this Indictment, which are realleged and incorporated here.

COUNT THREE

[21 U.S.C. § 848(a), (b), (s)]

[DEFENDANT DHANDA]

Beginning on a date unknown to the Grand Jury, and continuing until on or about June 18, 2026, in Los Angeles and San Bernadino Counties, within the Central District of California, and elsewhere, defendant RAVINDER SINGH DHANDA, also known as "Randy," "Rolex," "Jim," "Daytona," and "John Wick," engaged in a continuing criminal enterprise in that defendant DHANDA knowingly and intentionally violated Title 21, United States Code, Sections 841(a)(1) and 846, by committing violations, including, but not limited to, the felony violations alleged in Counts One, Two, Four, and Eight of this Indictment, which Counts are realleged and incorporated herein by reference, all of which violations were part of a continuing series of felony violations of subchapters I and II of Title 21 of the United States Code, undertaken by defendant DHANDA in concert with at least five other persons with respect to whom defendant DHANDA occupied a position of organizer, supervisor, and manager, and from which continuing series of violations defendant DHANDA obtained substantial income and resources.

Furthermore, defendant DHANDA was a principal administrator, organizer, and leader of the criminal enterprise, which involved the possession with intent to distribute and distribution of at least 150 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, and at least one kilogram of methamphetamine, a Schedule II controlled substance.

18

COUNT FOUR

[21 U.S.C. § 841(a)(1), (b)(1)(A)(ii); 18 U.S.C. § 2]

[DEFENDANTS DHANDA, P. SINGH, KHARA, and A. SINGH]

On or about September 18, 2023, in San Bernadino County, within the Central District of California, defendants RAVINDER SINGH DHANDA, also known as "Randy," "Rolex," "Jim," "Daytona," and "John Wick," PRINCE PAL SINGH, JASPREET KHARA, and AMRITPAL SINGH, each aiding and abetting the others, knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 79.4 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)]

[DEFENDANT ANGULO]

On or about September 20, 2023, in Los Angeles County, within the Central District of California, defendant JAVIER URETA ANGULO knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 7.97 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)]

[DEFENDANT ROSALES]

On or about October 26, 2023, in Los Angeles County, within the Central District of California, defendant BRYAN MORENO ROSALES knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 44.7 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)]

[DEFENDANT GUZMAN]

On or about November 13, 2023, in Los Angeles County, within the Central District of California, defendant JUSTIN GUZMAN knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 8.67 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT EIGHT

[21 U.S.C. § 841(a)(1), (b)(1)(A)(ii); 18 U.S.C. § 2(a)]

[DEFENDANTS DHANDA, H. SINGH, and GURM]

On or about November 15, 2024, in San Bernadino County, within the Central District of California, defendants RAVINDER SINGH DHANDA, also known as ("aka") "Randy," "Rolex," "Jim," "Daytona," and "John Wick," HARMANVEER SINGH, and NARAIN SINGH GURM, aka "Naraw Singh Gurm" and "Narayan Singh," each aiding and abetting the others, knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 49 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Counts One or Four through Eight of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

24

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[21 U.S.C. §§ 853, 970; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Sections 853 and 970, Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Two of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

26

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[21 U.S.C. §§ 853, 848; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Sections 853 and 848(a), Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Three of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/_____
Foreperson

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, Transnational Organized Crime
Section

DECLAN T. CONROY
Assistant United States Attorney
Deputy Chief, Transnational Organized
Crime Section